**Darrell D. MANIS, Appellee,**

v.

**The HARTFORD FIRE INSURANCE COMPANY and Aetna Casualty and Surety Company, Appellants.**

**No. 58736.**

Supreme Court of Oklahoma.

May 15, 1984.

Joe K. Page, Poteau, for appellee.

Dan A. Rogers of Rogers, Honn, Hill, Secrest & McCormick, Tulsa, for appellant, Hartford.

Clarence P. Green of Green, James, Williams & Elliott, Oklahoma City, for appellant, Aetna.

SIMMS, Vice Chief Justice:

Appeal from judgment on jury verdict for punitive damages against Hartford Fire

Insurance Company and Aetna Casualty and Surety Company for the tort of bad faith breach of contracts of insurance. A judgment on the contract of insurance itself, as well as the award of attorney's fees is not part of the instant appeal. The parties will be referred to by name or their trial court designation.

Plaintiff was owner of the business building and contents of the Central Bar in Poteau, Oklahoma. The defendant insurance companies issued policies covering the building and contents for $25,000 each, or $50,000 total coverage. The building and contents were destroyed by fire on June 27, 1981.

Plaintiff brought an action against the insurers refusal to pay on the contract of insurance for the total amount of coverage. Plaintiff also sought $1,000,000 in punitive damages, alleging that the defendants were guilty of oppression, fraud, and malice for their refusal to pay his claim. Defendants answered by denying that the fire was accidental and alleged that it was either caused or procured by the plaintiff and therefore did not come within the coverage of the policies.

The jury found for the plaintiff on both counts awarding him a judgment of $49,800 on the policies. The jury also awarded the plaintiff $100,000 against Aetna, and $150,-000 against Hartford in punitive damages for the tort of bad faith breach of contract. Only the punitive damage award is being appealed.

## I.

Plaintiff based his second cause of action on the tort of bad faith breach of contract. This cause of action was first allowed in Oklahoma in *Christian v. American Home Assurance Co.*, Okl., 577 P.2d 899 (1978). The defendant insurance company in *Christian* refused to pay disability claim for reasons unknown to the plaintiff. At trial, it became apparent that the insurance company "... did not have, and had never had, a defense to [Christian's] claim." At p. 900. *Christian* held that "... an insurer has an implied duty to deal fairly and act in

good faith with its insured and that the violation of this duty gives rise to an action in tort for which consequential, and, in a proper case, punitive, damages may be sought." At p. 904.

Although *Christian* dealt only with disability insurance it was later to expanded to cover all types of insurance contracts. *McCorkle v. Great Atlantic Ins. Co.*, Okl., 637 P.2d 583 (1981). In *McCorkle*, it was noted that the party prosecuting a claim of bad faith must plead all of the elements of the tort and had the burden of proof. It was also noted that the essence of the intentional tort of bad faith is the insurer's unreasonable bad faith conduct. *McCorkle* at p. 587.

In *McCorkle*, this Court quoted with approval from *Christian*, stating:

"We do not hold that an insurer who resists and litigates a claim made by its insured does so at its peril that if it loses the suit or suffers a judgment against it for a larger amount than it had offered in payment, it will be held to have breached its duty to act fairly and in good faith and thus be liable in tort. "We recognize that there can be disagreement between insurer and insured on a variety of matters such as insurable interest, extent of coverage, cause of loss, amount of loss, or breach of policy conditions. Resort to a judicial forum is not per se bad faith or unfair dealing on the part of the insurer regardless of the outcome of the suit. Rather, tort liability may be imposed only where there is a clear showing that the insurer unreasonably, and in bad faith, withholds payment of the claim of its insured." *McCorkle*, supra, at 587.

## II.

■ The facts in the instant case show that the insurer's conduct in withholding payment of the claim was reasonable. There was evidence that the fire was incendiary in origin. The building was secure at the time of the fire. A partially unburned magazine and piece of carpet that were oily

and smelled of diesel fuel were found in the rubble of plaintiff's building. Further testimony indicated the fire spread more quickly and burned with greater intensity than usual for a fire of an accidental origin. An agent of the State Fire Marshal's office testified that, in his opinion, a petroleum based product caused the fire and it was deliberately set. The plaintiff himself testified that shortly after he arrived at the scene of the fire, he was questioned by an OSBI agent. He was told he was under suspicion of arson and read his rights.

Circumstantial evidence implicating the plaintiff was based primarily on federal income tax returns showing that the bar operated at a loss for four of the six years plaintiff had owned it. Plaintiff had also increased the amount of the mortgage debt on the building since the purchase. Defendants also argued plaintiff's alibi was too convenient to be believed.

█ The defense of arson is provable by circumstantial evidence. *Pacific Ins. Co. v. Frank,* Okl., 452 P.2d 794 (1969). "In an action to recover on a fire insurance policy that is defended on the ground that the insured set the fire or procured the fire set where there is not direct proof to so connect the insured with the fire, proof that the fire was of incendiary origin coupled with proof of motive, intent and opportunity on the part of the insured constitutes sufficient evidence to justify submitting the issue to the jury." *Bowen v. Connecticut Fire Ins. Co.,* 193 Okl. 286, 143 P.2d 140 (1943). Defendants evidence, if believed by the jury, could have supported an arson defense.

### III.

█ Plaintiff argues that defendants breached their duty to deal fairly and act in good faith towards him by failure to furnish proof of loss forms as required by law [36 O.S. 3629 (1981)]; refusing to inspect or adjust the premises; refusing to arbitrate or appoint an appraiser; and by not approaching him with a settlement offer. Aetna sent forms in duplicate so one set was used to file the claim for each company. Plaintiff did not allege any loss from the failure to provide forms. Plaintiff did state that he was caused financial trouble from defendant's refusal to arbitrate as he was out of work for eleven months.

In *Christian,* this Court stated that "The essence of the cause of action is bad faith." Defendant's evidence, if believed, would have supported an arson defense. It cannot be said as it was in *Christian* that it was apparent that defendants never had a valid defense to plaintiff's claim. The fact that plaintiff prevailed does not make defendants actions bad faith per se. The defendants actions were reasonable and legitimate. Facts were in dispute as to the cause of the fire. The insurers had a right to have this dispute settled in a judicial forum. A *Christian* cause of action will not lie where there is a legitimate dispute.

The plaintiff failed to meet his burden of proof, and it was error to submit to the jury the plaintiffs plea for punitive damages.

We have reviewed the record and have found no evidence reasonably tending to support the verdict and judgment for plaintiff with regards to the award of punitive damages. *Sooner Foods, Inc. v. Eggleston,* Okl., 412 P.2d 621 (1966). To hold otherwise would subject insurance companies to the risk of punitive damages whenever litigation arises from insurance claims. Insurance companies have the right to dispute a claim in good faith.

The insurance companies also argue that there were no actual damages on which to base the punitive damage award. Oklahoma law excludes punitive damage awards from breach of contract actions and require that actual damages be proven. 23 O.S. 1981, § 9. In the present case, since we have already decided that the insurers' conduct was reasonable, there is no tort upon which to base the punitive damage award. This case is distinguishable from *McCorkle v. Great Atlantic Ins. Co.,* Okl., 637 P.2d 583 (1981). In that case actual damages were proven from the bad faith breach of contract upon which the punitive damage

award rested. In other words, there was a breach of duty independent of the breach of contract.

Appellants urge other propositions of error, but since the issues discussed above are dispositive of the case, we decline to discuss them.

JUDGMENT OF TRIAL COURT ONLY AS TO PUNITIVE DAMAGES REVERSED.

BARNES, C.J., and LAVENDER, DOOLIN, HARGRAVE, OPALA, and KAUGER, JJ., concur.

WILSON, J., concurs in judgment.

HODGES, J., not voting.