James C. BUZZARD and Martha N. Buzzard, Individually and as parents and next of kin of Froy Dean Buzzard, Deceased, Petitioners,

v.

The Honorable Mike McDANEL, District Judge, Respondent.

No. 68431.

Supreme Court of Oklahoma.

April 21, 1987.

Naifeh & Woska by Clifton D. Naifeh, Oklahoma City, for petitioners.

Culp, Heath, Sushnick, Percival & Percival by John F. Percival and Mark E. Truex, Oklahoma City, for respondent real party in interest Farmers Ins. Co., Inc.

LAVENDER, Justice:

Troy Dean Buzzard was killed in a traffic accident involving a truck owned and operated by the City of Norman. At the time of his death Farmers Insurance Company, Inc., was the insurer on the vehicle operated by Troy Dean Buzzard and on another vehicle owned by the Buzzard family. Both policies contained uninsured/underinsured motorist provisions.

The date of the accident was August 19, 1982. A report of the accident was received by Farmers the next day. An adjuster assigned by Farmers made a statement on October 7, 1982 in a letter to the State Insurance Fund that the driver of the Norman City truck was primarily at fault in the accident. In January, 1983, following the submission of an accident report by an accident reconstructionist hired by the City of Norman, petitioners, individually and as next of kin of Troy Dean Buzzard, entered into settlement negotiations with the City of Norman. These conferences culminated on March 3, 1983 with a settlement with the City for the limits of its liability.

Throughout the period between the filing of the accident report and the settlement date, counsel for petitioners were in touch with Farmers regarding their claim under the underinsured motorist provisions of the insurance policies since the limits of the City's liability were less than the loss claimed as a result of the death of Troy Dean Buzzard. Farmers did not offer to honor the provisions of the insurance policies, and after March 3, 1983, refused to pay, arguing that the settlement had failed to preserve its right of subrogation.

Petitioners subsequently initiated an action against Farmers alleging that its refusal to honor petitioners' claims under the underinsured motorist provisions of its policies with petitioners had been in bad faith. At issue presently is an order of the trial court in that case granting Farmers' motion pursuant to 12 O.S.Supp.1984 § 2018(D) to require petitioners to first litigate, as a separate issue, whether petitioners were legally entitled to recover from the City of Norman before the question of Farmers' refusal to honor petitioners' claims could be submitted to a jury. Petitioners have requested that this Court assume original jurisdiction and issue a writ of prohibition to prevent the enforcement of the trial court's order.

In *Umholtz v. City of Tulsa,*[1] this Court stated the elements which would make prohibition appropriate in the present case:

1. A court, officer, or person has or is about to exercise judicial or quasi-judicial power.
2. The exercise of said power is unauthorized by law.
3. And the exercise of that power will result in injury for which there is no other adequate remedy.

The presence of the first element here is not contested. The trial court is clearly exercising judicial power to require petitioners to submit to a separate trial on the issue of their legal entitlement to recover against the City of Norman.

The second element here, however, is hotly contested. Farmers, in effect, maintains that the question of whether petitioners are legally entitled to recover as against the City controls as to whether it acted in bad faith in refusing petitioners' claim under the provisions of the insurance policy contract between it and petitioners. Farmers argues that it was within the trial court's discretion to grant a separate trial on the issue under 12 O.S.Supp.1984 § 2018(D).

Petitioners contend, however, that the question of whether they are legally entitled to recover from the City is not a separate or controlling issue in their action brought on a bad faith refusal to honor an insurance contract. Therefore, petitioners argue, respondent trial judge had no authority to require them to submit to separate trial on the question.

We agree with the position urged by petitioners. In *McCorkle v. Great Atlantic Insurance Co.,*[2] this Court stated:

1. 565 P.2d 15, 18 (Okla.1977).

2. 637 P.2d 583, 587 (Okla.1981).

3. We do not agree with Farmers' argument that *Uptegraft v. Home Ins. Co.,* 662 P.2d 681 (Okla. 1983), requires a separate trial on liability of the underinsured motorist in the present case. Our discussion in *McCorkle,* supra, makes clear that it is not the question of whether petitioners would be legally entitled to recover which is the controlling issue in this action on bad faith

[T]he essence of the intentional tort of bad faith with regard to the insurance industry is the insurer's unreasonable, bad-faith conduct, including the unjustified withholding of payment due under a policy, and if there is conflicting evidence from which different inferences may be drawn regarding the reasonableness of insurer's conduct, then what is reasonable is always a question to be determined by the trier of fact by a consideration of the circumstances in each case.

In the present case petitioners' action brings into question Farmers' handling of petitioners' claim for benefits under the insurance policy. Farmers' actions, in this regard, must be assessed in light of all the facts known and knowable concerning the claim at the time petitioners requested Farmers to perform its contractual obligations. Thus, the issue of whether, in fact, petitioners had a legal right to recover from the City of Norman is not separable from the question of whether Farmers had a good faith belief, *at the time its performance was requested,* that it had a justifiable reason for withholding payment under the policy.[3]

Respondent trial judge had no authority under 12 O.S.Supp.1984 § 2018(D), or any other provision, to require petitioners to submit to a separate trial as to the comparative fault of the City of Norman. While 12 O.S.Supp.1984 § 2018(D), grants the trial court discretion to provide for separate trials for distinct issues within a case it clearly does not authorize the action of the trial court here.

We therefore find that the second element stated in *Umholtz v. City of Tulsa* is clearly present.

refusal, but whether Farmers, at the time petitioners made their claim, was in possession of information to establish that its refusal to pay was in good faith. As Farmers attempts to frame the issue, the question would be whether it had credible information which it felt, in good faith, would defeat petitioners' recovery. *McCorkle* clearly made the action for bad faith applicable in the present case as it held that the action applied to all types of insurance companies.

Farmers has also contested the third element necessary for prohibition. Farmers argues that petitioners could use trial procedure, such as voir dire, to avoid any possible prejudice arising from the separate trial ordered by respondent trial judge. In view of this Court's preceding discussion we view this argument as spurious.

Farmers also argues that petitioners have an adequate remedy in appealing any adverse decision. While it is true that prohibition will not be granted where petitioners have an adequate remedy by way of appeal, it is apparent that appeal is not an adequate remedy in this case. Respondent trial judge in this matter clearly acted beyond its authority. In such an instance this Court may properly grant extraordinary relief to prevent clearly unnecessary litigation and its attendant expense.[4]

Having found the necessary elements presented to this Court to render the granting of the extraordinary writ of prohibition appropriate, we assume original jurisdiction in this matter for the purpose of granting the requested writ.

Respondent trial judge is hereby prohibited from enforcing its order of March 13, 1987, bifurcating the trial of petitioners' cause.

DOOLIN, C.J., HARGRAVE, V.C.J., and SIMMS, WILSON and SUMMERS, JJ., concur.

HODGES and OPALA, JJ., concur in result.

KAUGER, J., not participating.

4. See *Crescent Corp. v. Martin*, 443 P.2d 111 (Okla.1968).

1. The terms of 12 O.S.Supp.1984 § 2018(D) provide:
   "D. SEPARATE TRIALS. The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or

OPALA, Justice, with whom HODGES, Justice, joins, concurring in result.

The question to be answered in this original proceeding for a prerogative writ is whether the trial judge's order bifurcating into two separate phases of jury trial the petitioners' [the insured] claim against the insurer for *mala fide* refusal to pay a single loss under the uninsured/underinsured motorist coverage of the policy [UM/UIM] should be condemned as an application of unauthorized judicial force. The court holds that the "[r]espondent trial judge had no authority under 12 O.S.Supp. 1984 § 2018(D),[1] or any other provision, to require petitioners to submit to a separate trial as to the comparative fault of the City of Norman."[2] I concur in today's disposition *only insofar as* it pronounces that, in a suit *solely* against the insurer for its bad-faith failure to settle a *single* UM/UIM loss, the insured's cause of action is not amenable to a dichotomous division by which the issue whether the insured is "legally entitled to recover" against the alleged UM/UIM motorist could be severed from the rest of the claim for jury determination in the initial phase of a bifurcated trial.

## I

## THE ANATOMY OF THE PETITIONERS' SINGLE CLAIM AGAINST THE INSURER

The gravamen of a claim against the insurer for withholding payment of a loss *mala fide* is unreasonable, bad-faith conduct. The insurer's decision to seek resort to a judicial forum is not *per se* bad faith or unfair dealing regardless of the outcome of the suit.[3] Conversely, a jury determination

issues, always preserving inviolate the right of trial by jury."

2. The City of Norman, the alleged underinsured motorist, had settled with the insured for the limit of its statutory liability and was not a party to the litigation below.

3. *Manis v. Hartford Fire Ins. Co.*, Okl., 681 P.2d 760, 761 [1984]; *McCorkle v. Great Atlantic Ins. Co.*, Okl., 637 P.2d 583, 587 [1981] and *Christian v. American Home Assur. Co.*, Okl., 577 P.2d 899, 904 [1978].

that the alleged UM/UIM tortfeasor was not at fault is not *per se* indicative of the insurer's good faith in handling the insured's demand for payment of the loss. *Neither condemnation nor exoneration* of the insurer's conduct may *alone* be dictated by the ultimate forensic resolution of the legal dispute over the loss. The insurer's good faith *vel non* is to be assessed by the trier from the totality of *all* the facts known and knowable about the loss at the time the insurer's contractual performance was due. The trial bifurcation sought in this case would make the UM/UIM tortfeasor's fault dispositive of the insured's cause of action and thus divert the jury's attention from the essence of the insured's claim—the absence of the insurer's good faith in its handling of the contested casualty loss in light of *all* the facts which were known or should have been known at the time the insurer's performance could reasonably have been expected. The UM/UIM tortfeasor's liability clearly presents here an issue *inextricably intertwined* with the remainder of the insured's *single and indivisible* claim.[4] In short, the tort liability of the City of Norman to the insured cannot be severed for separate submission in the first stage of a bifurcated trial without giving that issue undue prominence and thus *distorting* the gravamen of the petitioners' claim for the insurer's *bad-faith refusal to settle the UIM loss* in controversy.

## II

### THE STATUS OF THE CITY OF NORMAN AS AN *UNDERINSURED MOTORIST*

By joining in today's condemnation of the trial judge's bifurcation regime I do *not* wish to be understood as retreating from my view in *Karlson v. City of Oklahoma City*.[5] There I counseled in dissent that UIM coverage does not include an insurer's obligation for a municipality-inflicted tort with bodily damages in excess of the liabili-

ty limit prescribed for the loss by The Governmental Tort Claims Act, 51 O.S. Supp.1984 §§ 151 *et seq.* I continue to favor my *Karlson* position with undiminished fervor.

---

4. *Mann v. State Farm Mut. Auto. Ins. Co.*, Okl., 669 P.2d 768, 773 [1983] (Opala, J., dissenting) and *Lewis v. Farmers Ins. Co., Inc.*, Okl., 681 P.2d 67, 70 [1984] (Opala, J., dissenting).

5. Okl., 711 P.2d 72, 75 [1985] (Opala, J., dissenting).