**Susan Kim BALLINGER, Appellant,**

**v.**

**SECURITY CONNECTICUT LIFE INSURANCE COMPANY, a corporation, Appellee.**

**No. 74764.**

Supreme Court of Oklahoma.

May 18, 1993.

Rehearing Denied Sept. 7, 1993.

Gerald D. Swanson, Tulsa, for appellant.

John B. Stuart, Wagner, Stuart & Cannon, Tulsa, for appellee.

HARGRAVE, Justice.

The issue before us is whether life insurance company's actions in defending against plaintiff's action for reformation of insurance contract constituted bad faith, in light of affidavit by insurance agent that deceased intended different beneficiaries on the policy.

Plaintiff's husband, Terry John Ballinger, applied for life insurance on August 21, 1984 with agent Lynn Orr. The application signed by Ballinger designated his son Steven Ballinger, as primary beneficiary, and his wife, Susan Kim Ballinger, as contingent beneficiary. Approximately four years later, Mr. Ballinger died and Mrs. Ballinger, believing herself to be the primary beneficiary, contacted defendant to find out about payment under the policy (it is controverted whether the Ballingers received a copy of the policy). She was referred to local agent Clay Roberts, who advised her that the primary beneficiary under the policy was the couple's minor son, Steven Ballinger. Defendant states they offered to pay the policy amount to a

court-appointed guardian for Steven Ballinger, but that Mrs. Ballinger declined and opted to file suit for reformation of the insurance contract. She attached to the petition an affidavit from the original salesman, Lynn Orr, reciting that Terry Ballinger had instructed him to designate Susan Kim Ballinger, his wife, as primary beneficiary and his son as contingent beneficiary. The affidavit recited that through inadvertence or error Steven Ballinger was shown as the sole beneficiary. Mrs. Ballinger's petition recited that she had been informed by defendant insurance company that it "has no interest in this litigation and that it will enter an appearance herein and await the court's decision, as to whether or not the contract herein involved should be reformed to reflect the true intent of the parties." She named her son Steven Ballinger as a defendant and requested that a guardian ad litem be appointed for him.

Defendant Insurance Company first moved to dismiss for failure to issue summons, and after summons issued, Defendant Insurance Company answered admitting the existence of the policy but reciting that it was without sufficient information to admit or deny the allegations by plaintiff, noting that the application showed Steven Ballinger as primary beneficiary. Further, Insurance Company responded that, contrary to plaintiff's assertion, they did have an interest in the litigation in seeing that the death benefits were paid to the proper person. By way of affirmative defense, Insurance Company tendered the proceeds into court and prayed for an adjudication by the court of whom to pay. Defendant Insurance Company then sought appointment of a guardian ad litem for Steven Ballinger. The record reflects the entry of appearance on January 4, 1989 by Jerry Witt as guardian ad litem.

On January 4, 1989 plaintiff filed an "Amendment to Petition," alleging that due to defendant Insurance Company's negligence she had incurred attorney's fees and other costs, and sought judgment for One hundred thousand dollars ($100,-000.00), the policy amount, plus interest from April 26, 1988 and costs, including a reasonable attorney's fee. Defendant Insurance Company then served Interrogatories and Request for Production of Documents on plaintiff, which plaintiff timely answered. Plaintiff moved for summary judgment on March 10, 1989, submitting the affidavit of Lynn Orr and her own affidavit to establish reformation of the policy. The Insurance Company challenged as controverted her statement that her husband purchased a policy providing benefits be paid to his wife, stating that that was the issue before the court, to determine whether reformation should be had based on evidence presented and that the facts are controverted.

Plaintiff then, on March 23, 1989, moved for leave to amend her petition in order to add a claim for bad faith against defendant Insurance Company. Therein she alleged that defendant maliciously delayed payment of monies to plaintiff so that defendant could earn more interest on the money, that defendant denied that proof of death had been timely given, and that plaintiff had requested defendant's attorney to allow plaintiff to file an amended petition and defendant's attorney refused to do so, all as evidence of bad faith.

Plaintiff filed an Amended Petition for Reformation of the insurance contract on April 26, 1989. Count III alleged that the "gross neglect" of defendant resulted in the beneficiary designation as Steven Ballinger. In this new petition for reformation plaintiff sought damages in the amount of Twenty-five thousand dollars ($25,000.00) for mental suffering and distress, plus punitive damages of Five Hundred thousand dollars ($500,000.00), and compensation for attorney fees and litigation expenses incurred by reason of negligent and bad faith conduct of defendant Insurance Company. Defendant Insurance Company moved to dismiss on May 5, 1989. The trial court treated the motion as one for summary judgment and granted judgment for defendant Insurance Company on the bad faith claim. The court granted plaintiff's motion for summary judgment for reformation of the policy, finding that proceeds should be paid to Susan Kim Bal-

linger as primary beneficiary. Plaintiff's Motion to Reconsider on the bad-faith judgment was denied. Each party's request for attorney's fees was denied.

Plaintiff appealed, and in her brief lists the following as evidence of defendant's bad faith: (1) that after both sides had agreed that plaintiff would file a friendly suit which defendant Insurance Company would not contest, defendant employed an attorney and moved to dismiss the action; (2) that defendant answered, denying error in issuing the policy; (3) that defendant raised the issue that the policy was delivered to the deceased and he never tried to change it; (4) that defendant served plaintiff with Interrogatories and a Motion to Produce items already in defendant's possession; and (5) that defendant maliciously and negligently prolonged plaintiff's obtaining reformation of the insurance contract in order to reap the benefits due to plaintiff for its own financial benefit; and (6) filing an affidavit that was untrue, in response to plaintiff's motion for summary judgment.

In response, defendant Insurance Company stated that they offered to pay out on the policy immediately to the named beneficiary via a guardian and that they, in their answer, tendered the amount into court for directions for payment. Defendant Insurance Company responded that they were required to defend the lawsuit to protect themselves against any later claims by the named beneficiary, a minor. Further, they point out that plaintiff changed the nature of the lawsuit by amending her petition to allege negligence against defendant Insurance Company. Here, Insurance Company did not refuse to pay out according to the policy and did not contest that it was liable for payment to the proper beneficiary. The policy amount, with interest, was tendered into court and later re-invested in order to obtain a greater rate of interest.

■ Plaintiff cites *Christian v. American Home Assurance Company*, 577 P.2d 899 (Okla.1978), in support of her bad-faith claim. We recognized in *Christian*, however, that defendant there never had a valid defense to plaintiff's claim. In *Manis v. Hartford Fire Insurance Company*, 681 P.2d 760 (Okla.1984), we noted that an insurer has a right to have a dispute settled in a judicial forum and that a *Christian* cause of action will not lie where there is a legitimate dispute. In *Christian* we pointed out that the insurance company refused payment for reasons unknown to the plaintiff, and that it became apparent at trial that defendant did not have and never had a defense to plaintiff's claim and that there was the absence of any legitimate grounds for defendant's refusal to pay. Resort to a judicial forum is not per se bad faith. *Christian* at p. 905. Here, defendant Insurance Company did not refuse to pay according to the policy. Plaintiff sought reformation of the contract and a guardian ad litem was appointed for the named beneficiary, a minor. Defendant tendered the policy amount into court for directions as to payment of the claim. At the hearing before Judge Wiseman the guardian ad litem argued against reformation of the contract. The fact that defendant defended the reformation action is not per se evidence of bad faith. Plaintiff named her minor son as a defendant in the lawsuit, recognizing that his interest needed to be adjudicated as well. Plaintiff's basic complaint appears to be that defendant did not simply roll over and play dead, based on the affidavit of the insurance agent. Plaintiff injected the issue of defendant's negligence into the lawsuit, and defendant was entitled to defend. We cannot find that defendant's actions in the matter were unreasonable or constituted a bad-faith refusal to deal fairly with plaintiff.[1] The insured is deceased and the dispute is over who is the primary beneficiary. The trial judge at the hearing recognized that the insurance company also had a duty to the named beneficiary, Steven Ballinger, a minor. Plaintiff's allegations of bad faith boil down to the fact that defendant defended the lawsuit when plaintiff had believed they would not do so.

---

1. *Roach v. Atlas Life Insurance Co.,* 769 P.2d 158, 162 (Okla.1989), recognized a cause of action on behalf of a beneficiary of a life insurance policy against the insurer.

Plaintiff further seeks to have this cause remanded for a determination on plaintiff's claim for attorney's fees as prevailing party in successfully obtaining reformation of the insurance contract. She further seeks to recover attorney's fees incurred in defending defendant's attempt to recover attorney's fees in its unsuccessful defense to reformation of the insurance contract. The plaintiff argues that she is entitled to attorney's fees as prevailing party under 36 O.S. § 3629B:

"It shall be the duty of the insurer, receiving a proof of loss, to submit a written offer of settlement of rejection of the claim to the insured within ninety (90) days of receipt of that proof of loss. Upon a judgment rendered to either party, costs and attorney fees shall be allowable to the prevailing party. For purposes of this section, the prevailing party is the insurer in those cases where judgment does not exceed written offer of settlement. In all other judgments the insured shall be the prevailing party...."

In this case the insurance company submitted neither a written offer of settlement nor a rejection of the claim for the reason that defendant was at all times prepared to pay the named beneficiary and tendered the money into court. The lawsuit filed by plaintiff was not necessitated by defendant's refusal to pay out on the policy—it was to determine who was the proper recipient. Plaintiff received the full policy amount, including interest, and costs of filing the reformation action. We find that § 3629B is inapplicable to this set of facts and we affirm the trial court. Plaintiff further argues that she was entitled to attorney fees for defending against defendant's "frivolous claims and assertions," by virtue of 23 O.S. § 103.[2] The trial court found no bad faith on defendant's part and

we have affirmed that finding. Likewise, plaintiff's application for appeal-related attorney fees is denied.

**CERTIORARI HAVING BEEN GRANTED PREVIOUSLY, THE OPINION OF THE COURT OF APPEALS IS VACATED AND THE ORDER OF THE TRIAL COURT IS AFFIRMED.**

HODGES, C.J., LAVENDER, V.C.J., and SIMMS and OPALA, JJ., concur.

ALMA WILSON, J., concurs in part, dissents in part and joins SUMMERS, J.

KAUGER, J., concurs in part, dissents in part and joins SUMMERS, J.

SUMMERS, J., concurring in part and dissenting in part:

I dissent only from the Court's denial of attorney fees. I would allow plaintiff attorney fees under 36 O.S. § 3629B.

WATT, J., concurs in part, dissents in part and joins SUMMERS, J.

**2.** 23 O.S. § 103 provides:
"In any action for damages for personal injury except injury resulting in death, or in any action for damages to personal rights the court shall, subsequent to adjudication on the merits and upon motion of the prevailing party, determine whether a claim or defense asserted in the action by a nonprevailing party was asserted in bad faith, was not well grounded in fact, or was unwarranted by existing law or in a good faith argument for the extension, modification, or reversal of existing law. Upon so finding, the court shall enter a judgment ordering such nonprevailing party to reimburse the prevailing party an amount not to exceed Ten Thousand Dollars ($10,000.00) for reasonable costs, including attorneys fees, incurred with respect to such claim or defense."