73 F.3d 373
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert BEACH, as father and next friend of Carissa Beach and
Robert Beach, individually, Plaintiffs-Appellants,
v.
COUNTRY MUTUAL INSURANCE COMPANY, an Illinois corporation,
Defendant-Appellee.
 No. 94-7039.
(D.C.No. CV-93-391-S)
 United States Court of Appeals, Tenth Circuit.
 Dec. 26, 1995.
 ORDER AND JUDGMENT[1]
 
 1
 Before EBEL, Circuit Judge, McWILLIAMS, Senior Circuit Judge, and JENKINS, Senior District Judge.[2]
 
 
 2
 This litigation has its genesis in an automobile-pedestrian accident occurring in Muskogee, Oklahoma on October 29, 1992. The automobile was being driven by Jennifer Powell, who had liability insurance issued by State Farm Insurance Company (State Farm) with a policy limit of $10,000.
 
 
 3
 The pedestrian involved was Carissa Beach, then age 11 and in the sixth grade at West Middle School in Muskogee. Carissa's father, Robert Beach, had a policy of automobile insurance with Country Mutual Insurance Company (Country Mutual), an Illinois corporation. That policy included coverage for injuries caused by an uninsured/underinsured motorist.
 
 
 4
 Robert Beach, as the father and next friend of Carissa Beach, and Robert Beach, individually, brought the present action in the United States District Court for the Eastern District of Oklahoma against Country Mutual. Robert and Carissa Beach will hereinafter be referred to by individual name, or, collectively, as the plaintiffs. Jurisdiction was based on diversity of citizenship. 28 U.S.C. 1332(a)(1).
 
 
 5
 In the complaint Beach alleged that on October 29, 1992, at about 7:40 a.m., Carissa Beach, while crossing Denver Street in Muskogee, Oklahoma, was struck by an automobile which was being negligently operated by Jennifer Powell. He further alleged that as a result of Powell's negligence, Carissa suffered injuries to her person, incurred medical expenses, and also suffered loss of income, great pain of body and mind and would have permanent impairment and disability. It was further alleged that "the uninsured motorist coverage contained in said policy [issued Robert Beach by Country Mutual] applies to the accident involving plaintiff Carissa Beach and Jennifer Powell."
 
 
 6
 In their complaint, the plaintiffs set forth two claims for relief. The first claim was based on breach of contract. The plaintiffs allege that under the uninsured/underinsured motorist coverage provided in the policy issued Robert Beach by Country Mutual, Country Mutual was obligated "to pay plaintiffs the value of their uncompensated damages in the sum of $100,000." The second claim for relief was based in tort on Country Mutual's alleged breach of duty to deal fairly and act in good faith with plaintiffs. For such breach, they sought as compensatory damages the sum of $100,000 and also asked for punitive damages in the sum of $100,000.
 
 
 7
 The case came on for trial before a jury. At the conclusion of the plaintiffs' case, Country Mutual moved for judgment as a matter of law under Fed.R.Civ.P. 50. After argument from counsel, the district court granted the motion and entered judgment for Country Mutual "on all of plaintiffs' causes of action herein." The plaintiffs appeal. Before considering the district court's reasons for granting Country Mutual's motion, the evidence relating to the accident itself should be briefly summarized. Such will put the matters at issue on appeal in focus.
 
 
 8
 On October 29, 1992, Carissa Beach, the daughter of Robert Beach, was severely injured when she came in contact with an automobile being driven by Jennifer Powell.[3] Carissa was then 12 days short of her 12th birthday. Carissa's family home was located on the south side of the 2400 block of Denver Street in Muskogee, Oklahoma, Denver Street being an east-west street. The accident occurred at about 7:40 a.m. Carissa Beach and a schoolmate, Mary Stewart, were on Carissa's front porch awaiting the arrival of their ride to school. Wade Stubbs, driving his van, was the designated car-pool driver for the day. Coming from the east on Denver Street, Stubbs drove his van to the front of Mary Stewart's home on the north side of Denver street and stopped a foot or two from the curb. Carissa and Mary Stewart then walked across the street and around the back end of the van. There was no pedestrian crosswalk or intersection at the point where Stubbs had stopped his van and it was not in a school zone.
 
 
 9
 Mary Stewart boarded the van first, followed by Carissa Beach. As Carissa stepped into the van she remembered she had forgotten her lunch. Carissa stepped back and proceeded to go around the rear of the van. As she walked, or ran, from behind the van, she came in contact with a vehicle driven by Jennifer Powell, who was proceeding in an easterly direction on Denver Street. Carissa came to rest on the hood and windshield of the Powell vehicle.
 
 
 10
 Carissa Beach testified at trial that as she came around the back of the van and onto Denver Street, she was "running." She testified that she did look to her left (eastward on Denver Street), but did not remember whether she looked to her right (westward on Denver Street), from whence the Powell car was coming. Carissa also testified that she knew she should "look" before crossing a street.
 
 
 11
 In granting Country Mutual's motion for judgment as a matter of law under Fed. R.App. P. 50, interposed at the conclusion of plaintiffs' case, the district court held, in essence, that in order for the plaintiffs to prevail on their breach of contract claim against Country Mutual, they had to show, inter alia, that Powell was "fifty percent or more negligent" and that such was the proximate cause of Carissa's injuries. The district court concluded that "reasonable people" could only come to the conclusion that Powell was not negligent, let alone fifty percent or more negligent. The court further stated that even if Powell was "negligent to a small degree," such was not the cause of the accident "because Carissa Beach simply ran out into the side of her car." The district court concluded that Carissa Beach's action was the "sole cause" of the accident. On this basis the district court granted judgment for Country Mutual on plaintiffs' breach of contract claim.
 
 
 12
 As concerns the plaintiffs' claim for breach of duty to deal fairly and act in good faith, the district court stated that Country Mutual did "not breach this duty by refusing to pay a claim or by litigating a dispute with its insured if there is a legitimate dispute as to coverage or amount of the claim and the insurer's position is reasonable and legitimate." In the instant case, the district court concluded that Country Mutual not only had a "legitimate dispute" but in reality had "no liability" whatsoever to the plaintiffs. We are in general accord with the district court's resolution of this controversy.
 
 Fed.R.Civ.P. 50(a)(1) reads as follows:
 
 13
 (a) Judgment as a Matter of Law.
 
 
 14
 (1) If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.
 
 
 15
 In Hinds v. General Motors Corp., 988 F.2d 1039 (10th Cir.1993), a products liability case, the defendant, General Motors, made a motion for a directed verdict at the close of the plaintiff's case, which was denied. After General Motors put on its case, General Motors renewed its motion for directed verdict, which was also denied. The jury returned a verdict in favor of the plaintiffs and awarded damages in the sum of $750,000. General Motors then filed a motion for judgment notwithstanding the verdict, which was also denied.
 
 
 16
 On appeal in Hinds, we affirmed. One issue on appeal was whether the district court erred in denying General Motors' motion for a directed verdict. We held that the district court did not err and that it properly submitted the case to the jury. In so doing, we spoke as follow:
 
 
 17
 We review de novo the district court's ruling on a motion for a directed verdict. In so doing, we apply the same standard applied by the district court: whether the evidence, viewed in the light most favorable to the nonmoving party, presents a disagreement sufficient to mandate submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. A directed verdict is justified only where the proof is all one way or so overwhelmingly preponderant in favor of the movant so as to permit no other rational conclusion. In reviewing the district court's ruling, we cannot assess credibility of witnesses or substitute our judgment for that of the jury. (citations omitted).
 
 
 18
 At the outset it should be noted that we are not here concerned with a motion for summary judgment under Fed.R.Civ.P. 56, but a motion for judgment as a matter of law in an action tried to a jury under Fed. R.App. P. 50, which, in our case, was made, and granted, after the plaintiffs had rested their case. In this regard, in Honce v. Vigil, 1 F.3d 1085, 1088 (10th Cir.1993) we held that Fed.R.Civ.P. 50(a) "provides for entry of judgment as a matter of law when there is an 'absense of proof' of material issues, viewing the evidence in a light most favorable to the nonmoving party." In thus holding, we spoke as follows:
 
 
 19
 However, a mere scintilla of evidence is insufficient to create a jury question. A directed verdict is appropriate if "there can be but one reasonable conclusion as to the verdict." While the district court may not resolve conflicts in the testimony or weigh the evidence, it may evaluate the evidence at least to the extent of determining whether there is sufficient evidence to support a jury verdict in favor of the Plaintiff." (citations omitted).
 
 
 20
 So, in the instant case, the fact, if it be a fact, that there was perhaps a "scintilla" of evidence in support of plaintiffs' claims, is not sufficient to defeat Country Mutual's motion under Fed.R.Civ.P. 50, since, under Rule 50, the test is whether there is a "legally sufficient evidentiary basis for a reasonable jury" to find for the plaintiffs on their two claims for relief.
 
 
 21
 As concerns plaintiffs' first claim, the issue is whether Country Mutual, under the policy issued Robert Beach by Country Mutual, is liable to the plaintiffs for what the plaintiffs alleged in their complaint, "the value of their uncompensated damages in the sum of $100,000." Both parties agree that if Powell was not negligent, or if any possible negligence on her part was not the proximate cause of Carissa Beach's injuries, then the uninsured/underinsured motorist provision in the policy is not triggered. Let us examine the evidence a bit more closely.
 
 
 22
 About the only evidence of speeding on the part of Powell came from Wade Stubbs, the driver of the van. He stated that Powell was "speeding." The speed limit at the scene of the accident was 35 miles per hour. This is not a "school bus" case. Stubbs was driving his van. Powell testified that she was driving between 20 and 25 miles per hour, and that when she saw a "blur" of Carissa Beach coming out from behind the van, it was too late to avoid the accident, though she did apply her brakes. The police report indicated that Powell's speed was 20 to 25 miles per hour. Plaintiffs' expert witness who "recreated" the accident estimated her speed at 25 miles per hour. Carissa Beach testified that she either walked fast, or was indeed running, as she came from behind the van, intending to cross Denver Street in the more-or-less middle of the block to retrieve her forgotten lunch.
 
 
 23
 Under these circumstances, we are not inclined to disturb the district court's holding that Carissa Beach's actions, understandable as they were in light of her age, were the cause of her injuries. When Powell first sighted the "blur" that was Carissa, there was really nothing she could do to avert the accident. The fact that a block and a half away from the scene of the accident Powell had noticed some school children either standing on the curb or in the gutter, did not put her on notice that a block and a half further on, a twelve-year old would be running out into the street from behind a stopped van. We agree with the district court that this is, in essence, a "pedestrian-dart out" case, and that accordingly, the uninsured/underinsured motorist provision of the policy of insurance issued Robert Beach by Country Mutual was not triggered.
 
 
 24
 In their second claim for relief based in tort on breach of duty, the plaintiffs alleged in their complaint that Country Mutual had arbitrarily and capriciously refused to pay plaintiffs the monies due them under the uninsured/underinsured motorist provision in the policy of insurance issued Robert Beach by Country Mutual, and that Country Mutual had failed to properly investigate their claim.
 
 
 25
 By granting Country Mutual's motion for judgment under Fed.R.Civ.P. 50, the district court concluded that under the evidence presented by the plaintiffs, Country Mutual did not withhold any monies which were due and owing under the uninsured/underinsured motorist provision. Further, the district court concluded that the evidence presented by the plaintiffs did not show that Country Mutual improperly investigated the claim or that their refusal to pay was unreasonable. In this regard, the district court further noted that an "insurer does not breach this duty by refusing to pay a claim or by litigating a dispute with its insured if there is a legitimate dispute as to coverage or amount of the claim and the insurer's position is reasonable and legitimate," adding that, in the instant case, Country Mutual, in fact, had "no liability."
 
 
 26
 The accident occurred on October 29, 1992. As mentioned, Jennifer Powell had a policy of liability insurance with State Farm with policy limits of $10,000. State Farm's claims adjuster investigated the claim made on behalf of Carissa Beach and preliminarily determined to his satisfaction that Powell was without fault. Later, State Farm changed its position and decided that the claim should be compromised through a so-called "friendly suit" filed in state court wherein State Farm paid its policy limits.
 
 
 27
 The first notice of the accident given Country Mutual was on November 19, 1992. The claim representative for Country Mutual understood that the plaintiffs were making a claim for Carissa's medical expenses under the medical payments coverage in the policy of insurance issued Robert Beach by Country Mutual. The next contact between plaintiffs and Country Mutual occurred on February 16, 1993, when Country Mutual received a letter from plaintiffs' attorney advising Country Mutual that the plaintiffs intended to make claim "at a future date" under the uninsured/underinsured provision of the policy. This letter concluded with the following statement: "This letter should not be interpreted as a demand for payment at this time."
 
 
 28
 On March 1, 1993, counsel for the plaintiffs sent a letter to Country Mutual enclosing medical bills in the amount of $9,845.01. On March 9, 1993, Country Mutual advised plaintiffs' counsel of the uninsured/underinsured policy limits and also enclosed a draft covering Carissa's medical expenses. The claim representative for Country Mutual in the meantime had obtained a copy of the police report. He unsuccessfully tried to contact Jennifer Powell. He also visited and photographed the accident scene and later spoke with Carissa Beach's attorney, who gave him a copy of the statement they had obtained from Wade Stubbs. A request for a copy of Jennifer Powell's statement from State Farm was denied. The claim representative for Country Mutual viewed this as a case where Jennifer Powell was not at fault. Offers of compromise were made and not accepted, and this litigation followed.
 
 
 29
 In Oulds v. Principal Mut. Life Ins. Co., 6 F.3d 1431 (10th Cir.1993) the district court bifurcated for trial purposes an insured's claim against the insurer for breach of contract and a second claim for breach of duty. The jury returned a verdict in favor of the insured on the breach of contract claim and judgment was entered against the insurer for $18,000. After trial, the insured renewed its motion for summary judgment on the breach of duty claim. The district court granted that motion and dismissed the insured's claim for breach of duty. On appeal of that dismissal, we affirmed. In so doing, we spoke as follows:
 
 
 30
 The Oklahoma Supreme Court first recognized the tort of bad faith by an insurer in the case of Christian v. American Home Assur. Co., 577 P.2d 899 (Okla.1978). In doing so, the court expressed its approval of the rule as it had been adopted by the California courts. Simply stated, the rule is "that an insurer has an implied duty to deal fairly and act in good faith with its insured and that the violation of this duty gives rise to an action in tort...." Id. at 904. The Christian court emphasized that it was not holding that an insurer who resists and litigates a claim made by its insured does so at its peril that if it loses the suit or suffers a judgment against it for a larger amount than it had offered in payment, it will be held to have breached its duty to act in good faith.
 
 
 31
 ....
 
 
 32
 As numerous cases since Christian have made clear, "[t]he insurer does not breach the duty of good faith by refusing to pay a claim or by litigating a dispute with its insured if there is a 'legitimate dispute' as to coverage or amount of the claim, and the insurer's position is 'reasonable and legitimate.' " Thompson v. Shelter Mut. Ins., 875 F.2d 1460, 1462 (10th Cir.1989) (quoting Manis v. Hartford Fire Ins. Co., 681 P.2d 760, 762 (Okla.1984)). The insurer will not be liable for the tort of bad faith if it "had a good faith belief, at the time its performance was requested, that it had a justifiable reason for withholding payment under the policy." McCoy v. Oklahoma Farm Bureau Mutual Ins. Co., 841 P.2d 568, 572 (Okla.1992). "A [cause of action for bad faith] will not lie where there is a legitimate dispute." Manis v. Hartford Fire Ins. Co., 681 P.2d 760, 762 (Okla.1984). Thus, in order to establish such a claim, the insured must present evidence from which a reasonable jury could conclude that the insurer did not have a reasonable good faith belief for withholding payment of the insured's claim. McCoy, 841 P.2d at 572.
 
 
 33
 To like effect, in Willis v. Midland Risk Ins. Co., 42 F.3d 607, 611 (10th Cir.1994) we spoke as follows:
 
 
 34
 A claim must be paid promptly unless the insurer has a reasonable belief that the claim is legally or factually insufficient. Buzzard, 824 P.2d at 1109. The decisive question is whether the insurer had a good faith belief, at the time its performance was requested, that there was a justifiable reason for withholding payment under the policy. Buzzard v. McDanel, 736 P.2d 157, 159 (Okla.1987). "To determine the validity of the claim, the insurer must conduct an investigation reasonably appropriate under the circumstances." Buzzard, 824 P.2d at 1109. If the insurer fails to conduct an adequate investigation of a claim, its belief that the claim is insufficient may not be reasonable.
 
 
 35
 We agree with the district court that the evidence presented by the plaintiffs is insufficient to withstand Country Mutual's Rule 50 motion on plaintiffs' claim for breach of duty to deal fairly and act in good faith towards the plaintiffs. Certainly, at the minimum there was a legitimate and reasonable dispute from the beginning as to whether Country Mutual was obligated to pay the plaintiffs under the uninsured/underinsured motorist provision of the policy of insurance issued Robert Beach. And, as it turned out, Country Mutual was not obligated. Country Mutual's investigation of the claim, as above outlined, and its eventual denial of the claim were not unreasonable, but reasonable, under the described circumstances. Also, there is nothing to indicate that any further or additional investigation by Country Mutual would have established that Country Mutual was obligated to the plaintiffs under the uninsured/underinsured motorist provision of the policy here involved. A refusal by an insurer to pay a claim is not per se a breach of duty to act fairly with its insured.
 
 
 36
 Judgment affirmed.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Honorable Bruce S. Jenkins, Senior District Judge for the District of Utah, sitting by designation
 
 
 [3]
 It was plaintiffs' theory of the case that Carissa was struck by the front of the Powell driven vehicle. It was Country Mutual's theory of the case that Carissa ran into the left front side of the Powell driven vehicle