**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 15 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

IVANIA D. LAWRENCE,

Plaintiff-Appellant,

v.

STATE FARM FIRE AND
CASUALTY COMPANY,

Defendant-Appellee.

No. 97-5127
(D.C. No. 95-CV-639-E)
(N.D. Okla.)

**ORDER AND JUDGMENT** *

Before **BRORBY** , **BRISCOE** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff brought suit seeking to recover for fire losses allegedly covered by a homeowner's policy issued by defendant and for bad faith breach of contract by defendant. Plaintiff also sought punitive damages. Defendant moved for summary judgment contending (1) that plaintiff's daughter made irreconcilable sworn statements and that these statements constituted material misrepresentations which voided the policy and (2) that the existence of a legitimate dispute barred plaintiff from recovering damages for bad faith and punitive damages. Plaintiff responded by arguing that the policy's provision regarding misrepresentation is broader than permitted by Okla. Stat. tit. 36, § 4803 and therefore is void. Also, she alleged that even if the provision is valid, defendant had an obligation to deal fairly and in good faith with her and that enforcement of the provision would cause defendant to obtain an "unconscientious advantage" over her, an innocent insured, see Okla. Stat. tit. 25, § 9. The district court granted defendant's motion for summary judgment, concluding (1) that the policy, which had been approved by the state insurance commissioner, did not violate § 4803 and (2) that defendant did not gain any "unconscientious advantage." Plaintiff appealed. [1]

---

[1] This court has jurisdiction to consider this appeal. The appeal ripened after the district court entered a certification order under Fed. R. Civ. P. 54(b). See Lewis v. B.F. Goodrich Co., 850 F.2d 641, 645 (10th Cir. 1988).

We review the grant of summary judgment de novo, applying the same legal standard used by the district court. See Byers v. City of Albuquerque, 150 F.3d 1271, 1274 (10th Cir. 1998). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

On appeal, plaintiff continues to argue that the provision voiding the policy for material misrepresentation impermissibly deviates from the language mandated by Okla. Stat. tit. 36, § 4803 and therefore is unenforceable. We conclude that the district court accurately construed § 4803 and the pertinent portions of the insurance policy and correctly concluded that the policy does not violate Oklahoma law. As the district court found, plaintiff misinterprets § 4803. Accordingly, we affirm for substantially the reasons stated in the attached district court's order filed June 10, 1997.

Plaintiff also argues that even if the policy is not void under § 4803, defendant's obligation to deal fairly and in good faith precluded it from voiding the policy because the false sworn statements were made by her nineteen-year-old daughter, an additional insured under the policy's definitions. Plaintiff believes defendant may not deny coverage to her because she is an innocent party and

because her daughter made the false statements after she had moved out of plaintiff's household. As the district court determined, plaintiff's purported innocence [2] does not result in defendant obtaining an "unconscientious advantage." Cf. United Servs. Auto. Ass'n v. McCants, 944 P.2d 298, 300 (Okla. 1997) (holding innocent insured was barred from recovering from insurer).

Plaintiff's argument that her daughter was not an insured at the time she made the false statements is raised for the first time on appeal. This court need not consider the argument. See Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992). In any event, the daughter was an insured at the time of the fire. Plaintiff fails to present any authority, nor did we find any, indicating that the daughter must have had insured status at the time she made the false statements.

Accordingly, we conclude, under the facts of this case, that defendant did not breach any obligation to deal fairly and in good faith. See Timberlake Constr. Co. v. U.S. Fidelity & Guar. Co., 71 F.3d 335, 343-44 (10th Cir. 1995) (citing Oklahoma law for proposition that if there is legitimate dispute regarding coverage, as matter of law, insurer does not breach good faith duty merely by refusing to pay claim).

---

[2] Defendant does not concede that plaintiff is innocent. For purposes of this appeal only, we assume, without deciding, that she is.

Finally, plaintiff argues that defendant is not insulated from punitive damages despite the existence of a legitimate dispute between the parties. Because defendant acted fairly and in good faith, it would not be subject to punitive damages. See Manis v. Hartford Fire Ins. Co., 681 P.2d 760, 762 (Okla. 1984).

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED. Plaintiff's motion to dismiss the appeal as premature is DENIED as moot. Plaintiff's motion to certify issues to the Oklahoma Supreme Court is DENIED. See Allstate Ins. Co. v. Brown, 920 F.2d 664, 667 (10th Cir. 1990) (noting certification is appropriate where legal question is novel and applicable state law is unsettled).

Entered for the Court


Wade Brorby
Circuit Judge

Attachment not available electronically.