Jennettie MARSHALL, Appellee,

v.

UNIVERSAL LIFE INSURANCE COMPANY, Appellant.

No. 73880.

Court of Appeals of Oklahoma, Division No. 1.

Nov. 5, 1991.

Certiorari Denied Feb. 19, 1992.

T. Gavin King, James O. Goodwin, Tulsa, for appellant.

Renee Williams, James E. Frazier, Tulsa, for appellee.

## MEMORANDUM OPINION,

GARRETT, Presiding Judge:

On April 25, 1983, Jennettie Marshall (Appellee) purchased a two thousand dollar ($2,000.00) life insurance policy from Universal Life Insurance Company (Universal) to cover her three and one half (3½) year old daughter, LaToya. When Appellee applied for the insurance at the Universal office, she signed an application that contained the question:

> To the best of your knowledge, have you been to a physician or clinic for treatment or diagnosis of any condition in the last 5 years?

The answer was "No" on the application Appellee signed on behalf of her daughter.

The life insurance policy was issued on June 13, 1983, and, pursuant to 36 O.S.1981 § 4004, contained a two year incontestable provision. On February 12, 1985, within the two year period, LaToya died of myocarditis, a viral heart condition. Appellee made a claim for payment on the policy. Because the death occurred within the two year period, Universal investigated the claim before payment. The investigation revealed that LaToya had been seen by a doctor or clinic twenty one (21) times prior to the date the application for life insurance was signed by Appellee. The incidents included routine visits, four viral infections, the sickle cell trait, and one hospitalization for pneumonia. Universal denied Appellee's claim on the basis that there was a material misrepresentation in the application.

Appellee brought an action against Universal for two thousand dollars ($2.000.00) for breach of contract; one million dollars ($1,000,000.00) for actual damages for bad faith breach of contract and for mental stress and anguish; and, one million dollars ($1,000,000.00) in punitive damages. The action proceeded to jury trial with a verdict for two thousand dollars ($2,000.00) contract damages, one hundred fifty thousand dollars ($150,000.00) actual damages, and

five hundred thousand ($500,000.00) punitive damages.

Universal appeals. The landmark case regarding an insurer's liability in tort for bad faith refusal to pay is *Christian v. American Home Assurance Co.*, 577 P.2d 899 (Okl.1977). The Court found in *Christian* that an insurer had a duty to deal fairly and in good faith with its insured and a violation of that duty gave rise to an action in tort for consequential and, possibly, punitive damages. The Court went on to say that a "clear showing" that the insurer acted unreasonably and in bad faith is necessary to show a breach of that duty.

36 O.S.1981 § 3609 [1] provided as follows:

All statements and descriptions in any application for an insurance policy or in negotiations therefor, by or in behalf of the insured, shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy unless:

1. Fraudulent; or

2. Material either to the acceptance of the risk, or to the hazard assumed by the insurer; or

3. The insurer in good faith would either not have issued the policy, or would not have issued a policy in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or otherwise.

■ It was a material misrepresentation for the answer to be "no" to the question regarding having been seen or treated by a doctor or clinic prior to that time. It was material to the acceptance of the risk; and, undisputed testimony at trial revealed the policy would not have been issued if the question had been answered correctly. Contrary to Appellee's assertions, Universal was under no duty at that time to discover whether or not the "no" answer

was a misrepresentation. It did however, have the contractual and statutory right to investigate the claim when it was made. That the investigation revealed the prior illnesses and hospitalization of LaToya resulted in the denial of the claim.

■ Evidence showed that Appellee suffered a period of inability to work and function and was hospitalized after the death of her child. This was prior to the time Appellee submitted the claim to Universal. Appellee did testify that denial of the claim by Universal caused her to have a setback. However, for that setback to be compensable, it must be due to bad faith dealing by Universal. It was not bad faith for Universal to investigate a claim when the insured died within the two year incontestable period.

■ Appellee's loss is tragic. However, a bad faith claim requires more than a showing that the claim was denied, and, that Appellee suffered. There must be an unreasonable and bad faith denial of the claim that caused the suffering. Here, there was evidence supporting the denial of the claim. As the Court said in *Christian:*

We do not hold that an insurer who resists and litigates a claim made by its insured does so at its peril that if it loses the suit or suffers a judgment against it for a larger amount that it had offered in payment, it will be held to have breached its duty to act fairly and in good faith and thus be liable in tort. We recognize that there can be disagreements between insurer and insured on a variety of matters such as insurable interest, extent of coverage, cause of loss, amount of loss, or breach of policy conditions. Resort to a judicial forum is not per se bad faith or unfair dealing on the part of the insurer regardless of the outcome of the suit. Rather, *tort liability may be imposed only where there is a clear showing that the insurer unreasonably, and in bad faith, withholds payment of the*

---

**1.** Section 3609 was amended in 1989, but the amendment is not material to the issues being considered.

**654**

*claim of its insured.* (at 904, 905.) (Emphasis supplied.)

There was no evidence presented from which the jury could find a "clear showing that the insurer unr͟ ͟sonably, and in bad faith" denied the claim. A cause of action under *Christian v. American Home Assurance Co.*, supra, will not lie where, as here, there is a legitimate dispute. *Manis v. Hartford Fire Insurance Co.*, 681 P.2d 760 (Okl.1984).

■ As to the action on the contract, a different result must be reached. Appellant's agent, who asked Appellee the questions and wrote the answers on the application, testified she wrote the answers in accordance with Appellee's oral response. Appellee testified she answered all the questions truthfully, and that she signed the application, but that Appellant's agent filled in the form. This created a fact question, as to recovery on the insurance contract, to be resolved by the jury. *Massachusetts Mutual Life Insurance Company v. Allen*, 416 P.2d 935 (Okl.1965).

The judgment for attorney fees must be vacated because it was based on a verdict which must be set aside. On remand, the Court should conduct an evidentiary hearing and reconsider the amount of attorney fees in view of this decision and other applicable law. See *State ex rel. Burk v. City of Oklahoma City*, 598 P.2d 659 (Okl. 1979).

The judgment is reversed as to damages, both actual and punitive, which were based upon alleged bad faith actions by Appellant. The judgment as to attorney fees is reversed and remanded for further proceedings. The judgment for Appellee based on the insurance contract, plus interest, is affirmed.

AFFIRMED IN PART; REVERSED IN PART; AND, REMANDED for further proceedings not inconsistent with this opinion.

BAILEY and ADAMS, JJ., concur.