F I L E D
United States Court of Appeals
Tenth Circuit

MAY 29 1997

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

NADINE BISHOP, Administratrix of the
Estate of MICHAEL JOSEPH BISHOP,
deceased,

        Plaintiff-Appellant,

v.

MID-CENTURY INSURANCE
COMPANY, INC., a California
corporation

        Defendant-Appellee.

Case No. 96-6298

(D.C. CIV-95-1612-C)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before ANDERSON, HENRY, AND BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

The plaintiff-appellant Nadine Bishop is the administratrix of the estate of her

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

husband, Michael Joseph Bishop. In this diversity action, Mrs. Bishop appeals the district court's order granting Mid-Century Insurance Company summary judgment on Mrs. Bishop's bad faith and breach of contract actions. The appeal involves the construction of an exclusion and an exception to the exclusion in an automobile liability policy issued by Mid-Century to Roy Raymond Rouse. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm the district court's order.

## BACKGROUND

Stipulations filed by the parties constitute the undisputed facts of this case. On November 7, 1991, Mrs. Bishop's husband died in an accident caused by the negligence of Mr. Rouse. Mr. Rouse was driving a 1973 Mercury Montego owned by Virginia White at the time of the accident. Mr. Rouse owned no interest in the Montego and it was not listed as an insured auto under his policy. Mr. Rouse was driving the car because he had repossessed it earlier that day for Pat Freeman, the owner of P& L car lot in Shawnee, Oklahoma. Pursuant to an agreement between Mrs. White and Mr. Freeman, Mr. Rouse was returning the Montego to Mrs. White when the accident occurred.

Mrs. Bishop sued Mr. Rouse and Mid-Century (Rouse's insurer) in Oklahoma district court alleging that he negligently caused her husband's death. Having reserved coverage defenses while investigating the accident, Mid-Century sought a coverage opinion regarding the claim. The law firm providing the opinion stated that a reasonable and good faith basis existed for denying Mr. Rouse coverage due to the "automobile

2

business" exclusion in the policy. After receiving the policy investigation report, taking a recorded statement from Mr. Rouse, interviewing Mr. Freeman, and receiving the coverage opinion, Mid-Century denied coverage for the claim.[1]

On June 14, 1994, the District Court of Cleveland County conducted a hearing and entered judgment in favor of Mrs. Bishop against Mr. Rouse for $750,000. Mr. Rouse agreed to assign his rights under his automobile insurance policy to Mrs. Bishop in exchange for a covenant not to execute against Mr. Rouse personally.

Mrs. Bishop then filed this bad faith breach of insurance contract action seeking to recover both contractual and extra-contractual damages under the Mid-Century policy. Mid-Century claimed that the "automobile business" exclusion in the policy precluded coverage for Mr. Rouse. Mrs. Bishop contended that, under an exception to the exclusion relating to the definition of "your insured car," coverage existed. In full, the exclusion and the exception stated:

This coverage does not apply to:

_____

[1] At the time of the accident, the Montego was not covered by a policy of liability and was an uninsured vehicle under Oklahoma Law. However, Mr. Rouse and Mr. Freeman, d/b/a/ P&L car lot, were provided coverage for the claims of Bishop's estate under the liability provisions of a policy issued by Liberty Mutual Insurance Company to P & L. Liberty Mutual provided a defense for Mr. Freeman and Mr. Rouse under the terms of its policy. In addition, Allstate insured Mrs. Bishop under an automobile insurance policy that provided uninsured motorist coverage. Mrs. Bishop settled her claims against Allstate and Freeman, d/b/a/ P&L, for the limits available under the Liberty ($30,000 policy limit) and Allstate ($25,000 policy limit) policies -- specifically reserving all rights to proceed against Rouse individually.

\* \* \*

Bodily injury or Property damage for any person while employed or otherwise engaged in the business or occupation of transporting, selling, repairing, servicing, storing or parking of vehicles designed for use mainly on public highways, including road testing or delivery.

This exclusion does not apply to the ownership, maintenance or use of your insured car by you, any family member, or any partner, agent or employee of you or any family member. This exclusion also does not apply to any other person who does not have other insurance available to him with limits equal to at least those of the Oklahoma Financial Responsibility Law. In such event, the insurance afforded that person will be limited to the requirements of the Oklahoma Financial Responsibility law.

The term "your insured car" was defined in the liability portion of the policy as follows:

Your insured car as used in this [liability] part shall also include any other private passenger car, utility car, or utility trailer not owned by or furnished or available for the regular use of you or a family member. But no vehicle shall be considered as your insured car unless there is a sufficient reason to believe that the use is with permission of the owner and unless it is used by you or a family member.

Mrs. Bishop filed a motion for partial summary judgment on the issue of liability, claiming that the agreement between Mr. Freeman and Mrs. White to return the vehicle was sufficient to establish that Mr. Rouse had a reasonable belief that his delivery of the vehicle was with the permission of the owner. Mid-Century moved for summary judgment on both the bad faith and breach of contract claims, asserting that Mr. Rouse could not have had a reasonable belief that his delivery was with the permission of the owner and that coverage was properly denied under the "automobile business" exclusion.

The district court granted summary judgment in favor of Mid-Century, holding

4

that coverage was properly excluded under the terms of the policy. The court found that Mrs. Bishop's claim that Mr. Rouse had a sufficient reason to believe that his delivery of the vehicle was with the owner's permission was in direct contradiction of the undisputed fact that Mr. Rouse was unsure who owned the vehicle. Further, the court found that even if Mr. Freemen and Mrs. White "agreed" that the car would be returned and that Mr. Rouse was aware of the agreement, the facts did not establish that Mr. Rouse was driving the Montego with the owner's permission. Finally, the court held that Mr. Rouse was "employed or otherwise engaged in the business of transporting" vehicles at the time of the accident; therefore, coverage was properly excluded and Mr. Rouse was entitled to summary judgment on both the bad faith and the breach of contract claims.

## DISCUSSION

We review de novo the district court's grant of summary judgment, applying the same standard as did the district court pursuant to Fed. R. Civ. P. 56(c). Applied Genetics Int'l, Inc. v. First Affiliated Sec., 912 F.2d 1238, 1241 (10th Cir. 1990). This court reviews the record to determine if any genuine issues of material fact exist which would preclude summary judgment. If no issues of material fact exists, the court reviews the district court's grant of summary judgment to determine whether the district court applied the substantive law correctly. American Coleman Co. v. Intrawest Bank of Southglenn, N.A., 887 F.2d 1382, 1384 (10th Cir. 1989). Because jurisdiction over Mrs. Bishop's claim is based on diversity of citizenship and because the accident occurred in

Oklahoma, in reviewing this issue we apply Oklahoma's substantive law as announced by the State's highest court. Wood v. Eli Lilly & Co., 38 F.3d 510, 512 (10th Cir. 1994).

## A. Breach of Contract Claim

Mrs. Bishop argues on appeal that the district court erred in granting Mid-Century's motion for summary judgment on the breach of contract claim. She maintains that the district court erred in interpreting the Mid-Century policy exception for "your insured car" to require the actual permission of the owner rather than focusing on the subjective and objective belief of the driver. Consideration of the argument requires us to examine two provisions of the insurance policy: the reasonable belief clause and the automobile business exclusion.

As to the reasonable belief clause, the parties agree that there is no Oklahoma law, and no provision of the Mid-Century policy, interpreting what constitutes a "reasonable belief." While Oklahoma has not addressed the issue, several courts have held that the purpose of a non-owned vehicle "reasonable belief" clause in an automobile liability insurance policy differs from that of an "omnibus" or "permissive use" clause and explain the difference as follows:

> The purposes of extending coverage to additional insured in the two clauses suggest that they were intended to have different interpretations. Under the omnibus clause, the insured, after securing protection for himself and residents of his household, elects to purchase coverage for such other persons to whom he chooses to entrust the use of his automobile. His premium includes a charge for this extended coverage and he cannot be expected to intend to pay for coverage of persons who use his vehicle without his consent.

6

On the other hand, the purchaser of liability insurance [containing a reasonable belief clause] wishes to be assured that he and members of his family are covered if they are permitted to drive other people's automobiles upon which the owner may not maintain liability insurance. We must assume that such a purchaser of liability insurance does not contemplate driving such a car without the consent of the owner -- but both the insured and the insurer recognize the insured's need to be protected in situations where the insured's honest belief that he has the owner's permission turns out be mistaken.

American Motorists Ins. Co. v. LaCourse, 314 A.2d 813, 816 (Me. 1974) (citations omitted). See also American Gen. Fire & Casualty Co. v. Sanchez, 1993 U.S. App. LEXIS 2142 (10th Cir. 1993) (holding that under New Mexico law, reasonable belief clauses should be construed from the perspective of the vehicle user, not that of the vehicle owner); Robinson v. PEMCO Ins. Co., 862 P.2d 614, 618-19 (Wash. Ct. App. 1993) (nonowned vehicle clause is intended to protect the insured on those infrequent occasions when he is driving other people's vehicles which might not be insured; omnibus clauses protects other persons when they are using insured vehicle with the permission of the insured); 12 Couch on Insurance § 45:249 (2d ed. 1981). The test applied by these courts is whether the borrower reasonably believed under the circumstances that he had the owner's consent to drive the automobile. See id.

Applying this test, the district court concluded that Mr. Rouse could not have a reasonable belief that his use of the automobile was with the permission of the owner. The court also applied the automobile business exclusion, reasoning that at the time of the accident, Mr. Rouse was employed or otherwise engaged in the business of transporting

7

vehicles; therefore, coverage was excluded by the policy.

We conclude that whether or not Mr. Rouse had a reasonable belief that he drove the car with Mrs. Bishop's permission, Mid-Century properly denied coverage under the automobile business exclusion. Although the parties do not discuss the conflict of the two insurance provisions, this court may affirm the district court decision on any ground supported by the record. See Double J. Land & Cattle Co. v. United States Dep't. of Interior, 91 F.3d 1378, 1380 (10th Cir. 1996) (citing United States v. Sandoval, 29 F.3d 537, 542 n.6 (10th Cir. 1994)). It is undisputed that Mr. Rouse was engaged in the business of transporting automobiles at the time of the accident and that the policy excludes from coverage "bodily injury or property damage" for any person while employed or otherwise engaged in the business or occupation of transporting, selling, repairing, servicing storing or parking of vehicles designed for use mainly on public highways, including road testing or delivery. The policy's permissive use clause does not override the plain language of the automobile business exception.

Assuming arguendo that Mr. Rouse had a reasonable belief that his use of the vehicle was with the permission of the owner, interpreting such a belief to obviate the "automobile business" exclusion would render that exclusion meaningless. "Contractual intent is determined from the entire instrument. When ever possible, an interpretation will be adopted which gives effect to all provisions of the contract." Buck's Sporting Goods, Inc. v. First Nat. Bank & Trust Co., 868 P.2d 693, 698 (Okla. 1994) (citing title

8

15 O.S. §157 (1991) which states, "[t]he whole of a contract is to be taken together, so as to give effect to every part, if reasonably predictable, each clause helping to interpret the others."). Accepting Mrs. Bishop's argument, the "automobile business" exclusion would apply only where the person transporting the automobile could not reasonably believe that he had the permission of the owner. This interpretation goes against the plain meaning of the "automobile business" exclusion which excludes from coverage any person who is in the business of transporting or delivering a vehicle. For these reasons, even if Mr. Rouse had a reasonable belief, that belief would not obviate the "automobile business" exclusion. The district court properly granted summary judgment in favor of Mid-Century on the breach of contract issue.

This conclusion is supported by the Oklahoma Supreme Court's decision in Karner v. Maynor, 415 P.2d 988 (Okla. 1966), a decision interpreting the relation between automobile business exclusions and permissive use clauses. In Karner, Mr. Porter delivered his automobile to Mr. Maynor at his automobile repair shop. It was understood that Mr. Maynor, after making repairs on the vehicle, would deliver it to Mr. Porter's home. During the delivery, a collision occurred between Mr. Maynor and Frank Karner. Mr. Karner successfully sued Mr. Maynor for negligence and sought indemnity from Gulf Insurance Company, Porter's insurer. Mr. Karner claimed that Gulf was liable for the judgment under the "omnibus clause" of its policy which provided coverage for "any other person using such automobile, provided the actual use thereof is with the permission

9

of the named insured." Gulf contended that, the at the time of the collision, the Porter automobile was being operated by Mr. Maynor in the "automobile business" and therefore was not covered by its policy. The court held that the "automobile business" exclusion precluded coverage under the given facts. We find no meaningful distinction between Karner and the present case.

## B. Bad Faith Claim

In addition to her breach of contract claim, Mrs. Bishop argues that the district court erred in granting summary judgment in favor of Mid-Century on her bad faith claim. However, Mrs. Bishop's Appellant Docketing Statement does not contain a contention that entry of summary judgment on her bad faith claim was error. Further, Mrs Bishop did not present any arguments addressing her bad faith claim in her opening brief. Insofar as Mrs Bishop's reply brief attempts to present various arguments not presented in the opening brief, those arguments not raised and argued initially need not be addressed. See Mountain Fuel Supply v. Reliance Ins. Co., 933 F.2d 882, 887 (10th Cir. 1991) (issues raised for first time in reply brief will not be considered).[2]

---

[2] Fed. R. App. P. 28(a)2 and (4) requires that an appellant brief contain a statement of the issues presented for review and "[t]he arguments shall contain the contention of the appellant with respect to the issues presented, and the reasons therefore, with citation to the authorities, statutes and parts of the record relied on." The court may, however, consider an issue presented in the docketing statement but not discussed in the brief if the court believes that it is important enough to merit consideration. Compare Platis v. United States, 409 F.2d 1009, 1010 (10th Cir. 1969) (considering damage award against the United States where damages issue was mentioned in the docketing statement but not discussed in the brief, but noting that such procedure was not proper under either

10

Nevertheless, even if Mrs. Bishop had presented the argument in her opening brief, we conclude that the district court did not err in granting summary judgment in favor of Mid-Century on the bad faith issue. An insurance company has an implied duty to deal fairly and act in good faith with its insured and the violation of this duty gives rise to an action in tort. Christian v. American Home Assurance Co., 577 P.2d 899, 904 (Okla. 1977). However, "tort liability may be imposed only where there is a clear showing that the insurer unreasonably, and in bad faith withholds payment of the claim of its insured." Id. at 905. "The insurer does not breach [the duty of good faith] by refusing to pay a claim or by litigating a dispute with its insured if there is a 'legitimate dispute' as to coverage or amount of the claim, and the insurer's position is 'reasonable and legitimate.'" Thompson v. Shelter Mut. Ins., 875 F.2d 1460, 1462 (10th Cir. 1989) (quoting Mantis v. Hartford Fire Ins. Co., 681 P.2d 760 (Okla. 1984); Christian v. American Home Assurance Co., 577 P.2d 899, 903-04 (Okla. 1977)). An insurance company cannot be liable for the tort of bad faith if it "had a good faith belief, at the time its performance was requested, that it had a justifiable reason for withholding payment under the policy." Oulds v. Principal Life Ins., 6 F.3d 1431, 1436 (10th Cir. 1993) (quoting McCoy v. Oklahoma Farm Bureau Mutual Ins. Co., 841 P.2d 586, 572 (Okla. 1992)). Mid-Century had a reasonable and

Fed. R. App. P. 28 or the decisions of the 10th Circuit), with Bledsoe v. Garcia, 742 F.2d 1237, 1244 (10th Cir. 1984) (issue listed in docketing statement but not argued in brief deemed waived). Mrs. Bishop did not address the bad faith issue in either her docketing statement or her opening brief.

11

legitimate position for denying coverage. Mid-Century conducted an investigation, determined that Mr. Rouse was delivering the automobile at the time of the accident and obtained the advice of outside counsel before denying coverage. Coverage was properly denied under the "automobile business" exclusion and the district court was correct in granting Mid-Century summary judgment on the bad faith claim.

## CONCLUSION

For the reasons stated, we AFFIRM the district court's order granting summary judgment in favor of Mid-Century Insurance Company both the bad faith and breach of contract issues. The mandate shall issue forthwith.


Entered for the Court,


Robert H. Henry
Circuit Judge