2009 OK CIV APP 64

Roy A. PITTS, Plaintiff/Appellant,

v.

WEST AMERICAN INSURANCE COMPANY, Defendant/Appellee.

No. 106,296.

Court of Civil Appeals of Oklahoma, Division No. 2.

June 25, 2009.

D. Todd Riddles, Cheek, Cheek & Cheek, Oklahoma City, OK, for Plaintiff/Appellant.

Barbara Buratti, Tim D. Cain, Wilson, Cain & Acquaviva, Oklahoma City, OK, for Defendant/Appellee.

JANE P. WISEMAN, Vice Chief Judge.

¶ 1 Roy A. Pitts (Plaintiff) appeals from an order of the trial court granting summary judgment in favor of West American Insurance Company (Defendant) on Plaintiff's bad faith claim. This appeal proceeds under Supreme Court Rule 1.36, 12 O.S. Supp.2008, ch. 15, app. 1, without appellate briefing. After review of the record on appeal, we affirm the trial court's order granting summary judgment in favor of Defendant.

## FACTS AND PROCEDURAL BACKGROUND

¶ 2 In a multi-vehicle collision on August 23, 2005, Plaintiff's 2005 Kia Spectra5 sustained damages. Plaintiff was not at fault. Because Plaintiff's vehicle was insured by Defendant at the time of the accident, he submitted a claim under the collision coverage of his auto policy. The vehicle was a total loss, and Defendant paid to replace Plaintiff's vehicle with another 2005 Kia Spectra5. According to Plaintiff, the purchase price of his vehicle included a "factory basic 60,000 mile warranty and a 100,000 mile powertrain warranty." Although Plaintiff's claim included the loss of his powertrain warranty,[1] Defendant denied Plaintiff's claim for the warranty.

¶ 3 Because Defendant refused to pay for the value of the powertrain warranty, Plaintiff brought the present lawsuit alleging breach of contract and bad faith. On January 24, 2008, Defendant filed a motion for summary judgment arguing that it was entitled to judgment on both of Plaintiff's claims. On March 28, 2008, after the briefing period ended and the trial court heard oral arguments, it granted Defendant summary judgment on Plaintiff's bad faith claim but denied it on Plaintiff's breach of contract claim. During the March 14, 2008, hearing, the trial court found:

First of all, as to the bad faith issue, I agree. There's no bad faith claim here. We have a very controverted issue here, a legitimate dispute on both sides on how and the way we interpret this actual cash value and the amount. So it's sustained as to the bad faith claim.

The trial court's order was filed March 28, 2008. On September 2, 2008, Plaintiff dismissed his breach of contract claim with prejudice rendering the March 28, 2008, order final and appealable. Plaintiff appeals the trial court's entry of summary judgment on his bad faith claim in Defendant's favor.

## STANDARD OF REVIEW

■ ¶ 4 We review a trial court's grant of summary judgment *de novo*. *Carmichael v. Beller*, 1996 OK 48, ¶ 2, 914 P.2d 1051, 1053. We examine the pleadings and evidentiary materials submitted by the parties to determine whether there exists a genuine issue of material fact. *Id.* This Court bears an "affirmative duty ... to test for legal sufficiency all evidentiary material received in summary process in support of the relief sought by the movant." *Reeds v. Walker*, 2006 OK 43, ¶ 9, 157 P.3d 100, 106. Further, the evidentiary materials and the inferences to be drawn therefrom must be viewed in the light most favorable to the party opposing the motion. *Hargrave v. Canadian Valley Elec. Coop., Inc.*, 1990 OK 43, ¶ 14, 792 P.2d 50, 55.

## ANALYSIS

¶ 5 Plaintiff's lawsuit against Defendant arises out of a policy coverage dispute—*i.e.*, whether the Plaintiff's policy with Defendant covering the loss of this vehicle requires Defendant to compensate Plaintiff for the value of the powertrain warranty. In support of his bad faith claim, Plaintiff argues Defendant did not have a reasonable basis to withhold compensation for the powertrain warranty.

¶ 6 Plaintiff specifically argues in his response to Defendant's motion for summary judgment that there is conflicting evidence from which different inferences may be

---

1. The 60,000 mile basic warranty was transferable, but the 100,000 mile powertrain warranty was not transferable, and Plaintiff included the loss of this latter warranty in his claim.

drawn regarding the reasonableness of Defendant's refusal to cover the value of the powertrain warranty. Plaintiff asserts that a jury must consider the following to determine the reasonableness of Defendant's actions: (1) refusing to consider the value of the powertrain warranty, (2) "referring to and relying on policy language that had been removed by endorsement," (3) "Defendant's reliance solely on the CCC report,[2] in determining the value of the loss vehicle," (4) the reasonableness of Defendant's conduct "with regard [to] their policy obligation to return Plaintiff's deductible to him after they recovered their money and his deductible from the third party liability carrier."

¶ 7 In an insurance contract, an insurer has an implied duty to deal fairly and act in good faith with its insured and not to deprive the insured of the benefits of the policy. *Christian v. American Home Assurance Co.,* 1977 OK 141, ¶¶ 25–26, 577 P.2d 899, 904–05. An insurer's violation of this duty "gives rise to an action in tort for which consequential and punitive damages may be sought." *Milroy v. Allstate Ins. Co.,* 2007 OK CIV APP 6, ¶ 18, 151 P.3d 922, 927 (citing *Christian,* 1977 OK 141 at ¶ 25, 577 P.2d at 904). Tort liability for breach of that duty lies where there is a "clear showing that the insurance company unreasonably and in bad faith withheld payment of the claim of the insured." *Hale v. A.G. Ins. Co.,* 2006 OK CIV APP 80, ¶ 10, 138 P.3d 567, 572.

¶ 8 The primary question in a bad faith claim for failure to investigate or settle a claim is: "what did the insurance company know, or what should it have known at the time the insured requested payment under the applicable policy, *i.e.,* whether the insurer had a justifiable, reasonable basis to withhold payment when the insured requested the carrier to perform its contractual obligation." *Id.* at ¶ 10, 138 P.3d at 572–73.

¶ 9 The tort of bad faith does not foreclose the insurer's right to deny a claim, resist payment, or litigate any claim to which the insurer has a legitimate defense. *Buz-*

zard v. Farmers Ins. Co., 1991 OK 127, ¶ 13, 824 P.2d 1105, 1109. Oklahoma law recognizes that there may be disputes between insurer and insured regarding a variety of matters, including coverage, cause and amount of loss, and breach of policy conditions. *McCorkle v. Great Atlantic Ins. Co.,* 1981 OK 128, ¶ 22, 637 P.2d 583, 587. "[T]he essence of the intentional tort of bad faith with regard to the insurance industry is the insurer's unreasonable, bad-faith conduct, including the unjustified withholding of payment due under a policy...." *Id.* at ¶ 21, 637 P.2d at 587.

¶ 10 The Oklahoma Supreme Court has further held that "if there is conflicting evidence from which different inferences may be drawn regarding the reasonableness of insurer's conduct, then what is reasonable is always a question to be determined by the trier of fact by a consideration of the circumstances in each case." *Badillo v. Mid–Century Ins. Co.,* 2005 OK 48, ¶ 28, 121 P.3d 1080, 1093 (quoting *McCorkle,* 1981 OK 128 at ¶ 21, 637 P.2d at 587).

¶ 11 In order to establish a breach of the duty of good faith and fair dealing, Plaintiff must prove that (1) he was covered under the liability insurance policy issued by Defendant and Defendant was required to take reasonable actions in handling the claim, (2) Defendant's actions were unreasonable under the circumstances; (3) Defendant failed to deal fairly and in good faith toward him in its handling and defense of the claim; and (4) the breach of the duty was the direct or proximate cause of his damages. *Milroy,* 2007 OK CIV APP 6 at ¶ 19, 151 P.3d at 927 (citing *Badillo,* 2005 OK 48 at ¶ 25, 121 P.3d at 1093).

¶ 12 Plaintiff first argues that Defendant's refusal to compensate him for the cost of the powertrain warranty was unreasonable. In support of this argument, Plaintiff relies on certain provisions in the insurance policy requiring Defendant to "pay Plaintiff the lesser of the cost to repair or replace the vehicle with like kind and quality or the actual cash

---

2. CCC Information Services, Inc., which is in the business of preparing market value reports on vehicles for the insurance industry, prepared the market value report on which Defendant relied in adjusting this claim.

value of the loss vehicle at the time of the loss."

¶ 13 Plaintiff contends that Defendant compared his vehicle to used vehicles with used car warranties instead of finding vehicles "that would have had the balance of the new car warranty." Plaintiff determined that the cost of adding a similar powertrain warranty to one of the vehicles used by Defendant for comparison would be $1,850. Plaintiff argues Defendant acted unreasonably in not offering to pay the actual local market value of the totaled vehicle because Defendant did not include compensation for the powertrain warranty. Defendant, according to Plaintiff, failed to pay him to replace the covered vehicle with a vehicle of like kind and quality because the value offered excluded the value of the lost powertrain warranty.

¶ 14 Defendant, on the other hand, argues that the loss of the warranty was not covered under the "plain language of the policy's collision coverage" and that it has found no case law from Oklahoma or any other state deeming loss of such a warranty to be covered under an automobile policy's collision coverage. Defendant refers to the policy language, both in the superceded language and in the later "Amendment of Policy Provisions–Oklahoma," that states Defendant's limits of liability to Plaintiff are the lesser of actual cash value or cost of replacement. Defendant asserts that it offered the actual cash value of the damaged vehicle which did not include any compensation for the powertrain warranty because the warranty did not constitute part of the "covered auto" or its "equipment" as defined in the policy and Defendant could find no legal basis for including the warranty as a compensable item under the policy's coverage.

¶ 15 Based on our examination of the record submitted, the conduct cited by Plaintiff cannot be viewed as unreasonable and in bad faith. Defendant has a legitimate dispute with Plaintiff over what is covered in this claim under this policy, entitling Defendant to resort to a judicial forum for resolution. "Where an insurance company has a legitimate dispute to [*sic*] a claim, there can be no bad faith." *Hale*, 2006 OK CIV APP 80 at ¶ 1, 138 P.3d at 569. Defendant's conduct in disputing coverage for the powertrain warranty did not amount to bad faith or a breach of duty to act in good faith and deal fairly with Plaintiff.

¶ 16 Plaintiff next asserts that Defendant's reliance on superceded policy language was an unreasonable basis for denying his claim. Plaintiff does not explain how reliance on the superceded provision rather than the amended provision caused him damage. We note that a comparison of the superceded collision coverage provision to the collision coverage provision contained in the "Amendment of Policy Provisions–Oklahoma" reveals that the Amendment defines "actual cash value" and also explains the criteria on which a cost of repair or replacement can be based. The pertinent language remains the same: both provisions still limit liability for loss to the lesser of actual cash value or cost of "repair or replacement of the property with other property of like kind and quality." Plaintiff has not shown how Defendant's reliance on the superceded provision caused any difference in result or was prejudicial to him. We decline to conclude either as a matter of disputed fact or error of law that Plaintiff has a basis for pressing his bad faith claim further on this issue.

¶ 17 Next, Plaintiff argues Defendant's reliance only on the CCC report in determining the value of the loss vehicle was unreasonable because Defendant made no effort to find comparable vehicles with an existing powertrain warranty. Defendant, on the other hand, argues that the policy does not provide coverage for warranties. This dispute still falls within the confines of the disagreement discussed above as being one between insurer and insured over the interpretation of the policy's coverage. Such a disagreement does not give rise to tort liability because it involves a legitimate dispute between the parties. *Hale*, 2006 OK CIV APP 80 at ¶ 1, 138 P.3d at 569.

¶ 18 Finally, Plaintiff contends that Defendant's conduct was unreasonable because a "mistake" was made in refunding his deductible causing delay in its receipt. Plaintiff attested in his affidavit to the fact

that he never received a check reimbursing him for his deductible. However, he also testified that "West American Insurance Company's claim file indicates that they sent the check to a P.O. Box we had closed, I believe, in 2005, and the Post Office was no longer forwarding mail."

¶ 19 In its reply brief, Defendant stated it confirmed Plaintiff did not cash the earlier check issued to Plaintiff on July 31, 2006. Defendant therefore "stopped payment on the earlier check and has mailed another $280.00 check to Mr. Pitts c/o his attorneys." Although Plaintiff confirmed receipt of his deductible in his surreply brief, he still requests time to "explore this 'mistake' and depose the person who initially issued the check to find out why it was not mailed to the correct address and why the mistake was not caught until now."

¶ 20 Defendant's conduct in this instance was not unreasonable. Plaintiff's affidavit confirms he never received the check. Defendant's evidence—*i.e.*, check request, electronic claim file, and affidavit—shows that, although a check was issued to Plaintiff within a few days after Defendant received the settlement check from the tortfeasor's insurer, it was never cashed. Defendant issued Plaintiff a new check. A mistake occurred delaying Plaintiff's receipt of the check. After examining all the circumstances surrounding the issuance and reissuance of this check, we conclude that Plaintiff failed to make a clear showing that Defendant acted unreasonably and in bad faith.

## CONCLUSION

¶ 21 We have reviewed the record *de novo* and find that the trial court correctly granted summary judgment to Defendant on Plaintiff's bad faith claim. Defendant is entitled to judgment as a matter of law because under the undisputed facts taken in the light most favorable to Plaintiff, Plaintiff failed to show that Defendant's conduct in handling this claim was unreasonable and in bad faith. Accordingly, we affirm the judgment of the trial court.

¶ 22 **AFFIRMED.**

BARNES, P.J., and GOODMAN, J., concur.