1998 OK CIV APP 161

**Olga HALL, Plaintiff/Appellee/Counter-Appellant,**

v.

**GLOBE LIFE AND ACCIDENT INSURANCE COMPANY, Defendant/Appellant/Counter-Appellee.**

**No. 88579.**

Court of Civil Appeals of Oklahoma, Division No. 3.

June 2, 1998.

As Corrected on Denial of Rehearing July 31, 1998.

Certiorari Denied Oct. 27, 1998.

---

James A. Scimeca, Miller, Dollarhide, Dawson & Shaw, Oklahoma City, Oklahoma, for Plaintiff/Appellee/Counter–Appellant.

John T. Edwards, Shannon L. Edwards, Monnet, Hayes, Bullis, Thompson & Edwards, Oklahoma City, Oklahoma, for Defendant/Appellant/Counter–Appellee.

## OPINION

BUETTNER, Presiding Judge.

¶1 Olga Hall sued Globe Life Accident Insurance Company for the proceeds of a life insurance policy she purchased on her husband and for damages she allegedly suffered because of Globe Life's bad faith in declining to pay the proceeds. Upon investigation of the claim, Globe Life determined that Mrs. Hall answered the fifth question incorrectly, that is, whether Mr. Hall had been treated for cirrhosis within the twelve months preceding the application. After trial, the court entered judgment on the jury's verdict awarding Mrs. Hall the amount of the insurance proceeds, $22,222, plus $3,000 in damages for bad faith. The court did not instruct the jury on punitive damages. We affirm.

¶2 Globe Life contends that the court erred in failing to grant it judgment on Hall's claim that it breached its duty of good faith and fair dealing. It also asserts that the court erred in allowing Hall to call an expert witness to testify about Globe's alleged bad faith investigation. Finally, Globe argues that the evidence was insufficient to support the jury's verdict in favor of Hall on her claim for breach of covenant of good faith and fair dealing. For her part, counter-appellant Hall complains that the court erred in failing to submit the issue of punitive damages to the jury.

¶3 Mrs. Hall applied for the life insurance policy December 29, 1992 in the amount

$22,222, naming herself as beneficiary. She checked "no" to the question whether Mr. Hall had been treated for cirrhosis within the preceding twelve months. She told the agent that Mr. Hall had chronic hepatitis. Mr. Hall died about ten months later. The death certificate stated that the cause of death was hepatorenal syndrome, primary biliary cirrhosis. Globe Life also received a report from Mercy hospital, signed by Dr. Hall, Mr. Hall's treating physician, which had a hand-written note "cirrhosis non A or B." Based on this information, Globe Life declined to pay the proceeds, but offered to return the premiums paid.[1]

¶ 4 The pertinent time for determining whether an insurance company declined, in bad faith, to pay proceeds is at the time it is asked to pay, not at the time of application for the policy. "In order to determine whether Principal [insurance company] acted in good faith in denying the claim, we must evaluate Principal's actions in light of the facts Principal knew or should have known at the time plaintiff requested the company to perform its contractual obligation." *Oulds v. Principal Mutual Life Insurance Co.*, 6 F.3d 1431, 1437 (10th Cir.1993)(interpreting Oklahoma law)(citing *Conti v. Republic Underwriters Ins. Co.*, 782 P.2d 1357, 1362 (Okla.1989) and *Buzzard v. McDanel*, 736 P.2d 157, 159 (Okla.1987)). An inadequate investigation by the insurance company may give rise to an inference of bad faith, requiring the question to be determined by a jury. *Id.* at 1441, citing *McCoy v. Oklahoma Farm Bureau Mutual Insurance Co.*, 841 P.2d 568 (Okla.1992).

¶ 5 It was undisputed that Hall informed Globe Life that her husband had chronic hepatitis. Globe Life had some evidence it believed showed cirrhosis within the preceding twelve months.[2] Dr. Hall testified in his deposition, however, that his notation "cirrhosis non A or B" was merely a shorthand

for liver disease and that he did not know whether Mr. Hall had cirrhosis in September 1992. Further, Mrs. Hall's expert formed the opinion that Globe Life did not have sufficient information at the time it made its determination and did not do a sufficient investigation before making its decision to decline payment of the proceeds. In considering the evidence in the light most favorable to the nonmoving party, the court did not err in submitting the question of bad faith to the jury. We follow the rule stated in *McCorkle v. Great Atlantic Insurance Co.*, 1981 OK 128, 637 P.2d 583, 587:

"... the essence of the intentional tort of bad faith with regard to the insurance industry is the insurer's unreasonable, bad-faith conduct, including the unjustified withholding of payment due under a policy, and if there is conflicting evidence from which different inferences may be drawn regarding the reasonableness of insurer's conduct, then what is reasonable is always a question to be determined by the trier of fact by a consideration of the circumstances in each case."

¶ 6 In this case, the denial of payment was based upon an alleged misrepresentation in the application by Mrs. Hall.[3] As Mrs. Hall argues in her brief, the statement in the application is a representation based upon the knowledge of the applicant, not a warranty that the insured does not, in fact, have the specified illnesses. Globe Life directed its investigation into determining whether Mr. Hall in fact had cirrhosis more than 12 months prior to the application. Once Globe Life had a reasonable basis to believe Mr. Hall had been treated for cirrhosis during the relevant period, the critical element became Mrs. Hall's knowledge of that fact. The jury could have concluded that Globe Life conducted no investigation of that criti-

---

1. There was also a report from Mr. Hall's 1979 gallbladder surgery which noted his chronic hepatitis. The hand written notes accompanying the report show that someone wrote "post necrotic cirrhosis."

2. The evidence included the death certificate showing cause of death to be Primary Biliary

Cirrhosis, and medical records which indicated that Mr. Hall was diagnosed with cirrhosis more than twelve months prior to the application.

3. There was a place on the application for the Insured's signature which was blank.

cal fact.[4] See *Alsobrook v. National Travelers Life Ins. Co.*, 1992 OK ——, 852 P.2d 768, 770 (cert-denied)(no investigation of medical condition could constitute bad faith). A jury question was created by the evidence.

¶ 7 Next we consider Globe Life's proposition that the court erred in admitting Hall's expert witness on the subject of insurance investigations. First, Globe Life complains that the particular witness was not qualified to testify as an expert and that in any event, expert testimony on the issue of bad faith investigation was irrelevant and not required to assist the trier of fact. 12 O.S. 1991 § 2702.[5] On review, "... questions concerning the qualifications of expert witnesses and the admissibility of expert testimony are matters generally within the discretion of the trial court and will not be reversed unless an abuse of discretion is clearly made to appear." *Sharp v. 251st Street Landfill, Inc.*, 1996 OK 109, 925 P.2d 546, 551.

¶ 8 We do not find that the trial court abused its discretion in qualifying Mr. Hammond as an expert.[6] Further, in this case, his testimony was arguably helpful to the jury. The central issue concerning the bad faith claim pivoted on the adequacy of the investigation. The expert's testimony was relevant to the matter and potentially helpful to the jury. We find no error in the admission of the expert's testimony.

¶ 9 Finally, Globe Life asserts that the evidence was insufficient to support the jury verdict on the claim of bad faith. We defer greatly to a jury verdict and "where there is any competent evidence reasonably tending to support the verdict of the jury, this Court will not disturb the verdict and judgment based thereon." *Eversole v. Oklahoma Hospital Founders*, 1991 OK 80, 818 P.2d 456, 459 (citing *Walker v. St. Louis-San Francisco Ry. Co.*, 646 P.2d 593, 597 (Okla.1982).) As we have already stated, we have reviewed the record. There is sufficient competent evidence to support the jury's verdict.

¶ 10 Now we address Hall's complaint that the trial judge erroneously failed to submit the issue of punitive damages to the jury. The Oklahoma Supreme Court has said that the "availability of a punitive damage award in a bad faith case is not automatic, but rather is governed by the standard applicable in other tort cases." The plaintiff must show that the defendant acted with oppression, malice, fraud or gross negligence or wantonness. *Buzzard v. Farmers Ins. Co., Inc.*, 1991 OK ——, 824 P.2d 1105, 1114. We have alluded to our assessment that Globe Life believed it had an arguably legitimate reason to deny Hall's claim. When there is no evidence to show that the "actions were tainted by oppression, fraud, malice or gross negligence there was no basis for the submission of the punitive damage issue to the jury." *McLaughlin v. National Benefit Life Insurance Company*, 1988 OK 41, 772 P.2d 383, 389. "Even where there is evidence to support the recovery of actual damages in a bad faith action against an insurer, submission of the issue of punitive damages to a jury may be improper." *Willis v. Mid-*

---

4. The denial letter from Globe Life also focused on whether the fact that the question was answered incorrectly in that Mr. Hall had cirrhosis at the time of the application. While the letter advised Mrs. Hall that she could submit information that would have a "material affect on this decision," this is not the same as questioning Mrs. Hall about her knowledge of Mr. Hall's condition. "The decision" was that Mr. Hall had cirrhosis, not that Mrs. Hall intentionally misrepresented her knowledge of Mr. Hall's condition.

5. Federal Rule of Evidence 702 "further requires that the evidence or testimony 'assist the trier of fact to understand the evidence or to determine a fact in issue.' This condition goes primarily to relevance." *Daubert v. Merrell Dow Pharmaceu-*

---

ticals, Inc., 509 U.S. 579, 591, 113 S.Ct. 2786, 2795, 125 L.Ed.2d 469 (1993).

6. In *Thompson v. State Farm Fire and Casualty Co.*, 34 F.3d 932 (10th Cir.1994), Hammond, the same expert tendered in the case at bar, had been omitted from the witness list. The *Thompson* court found that the Oklahoma Unfair Settlement Practices Act, not creating a private right of action "casts a cloud on the relevance (and hence the admissibility)" of any testimony (expert or otherwise) in that respect under Fed. R.Evid. 402. *United States v. Gallegos*, 975 F.2d 710, 711–12 (10th Cir.1992). For this reason, the 10th Circuit found the trial court did not abuse its discretion in not allowing Mr. Hammond to testify.

*land Risk Insurance Company,* 42 F.3d 607, 614 (10th Cir.1994)(citing *McLaughlin* at 385, 387.) The court did not err in not submitting punitive damages instructions to the jury.

¶ 11 For these reasons, we affirm the judgment entered on the jury's verdict.

AFFIRMED.

ADAMS, J., concurs.

HANSEN, J., concurring in part and dissenting in part:

I concur in part and dissent in part. I would have submitted the issue of punitive damages to the jury.